

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2009

# Norman Cadmus v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3117

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Norman Cadmus v. USA" (2009). *2009 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-055                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3117
_____

NORMAN CADMUS,
Appellant

v.

UNITED STATES OF AMERICA, Individually and in their official capacities;
GEORGE W. BUSH, Individually and in their official capacities
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-1273)
District Judge: Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 25, 2009

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 15, 2009)

_____

OPINION
_____

PER CURIAM

      Appellant Norman Cadmus appeals from an order of the District Court dismissing

his complaint.  For the reasons set forth below, we will summarily affirm.  <u>See</u> I.O.P.

10.6.

## I.

In July 2008, Cadmus, a pro se prisoner, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants George W. Bush and The United States of America.[1]  In his complaint, Cadmus challenged the constitutionality of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.  Specifically, he alleged that its prescribed one-year statute of limitations for filing a federal habeas challenge to a state court conviction improperly overlaps with Pennsylvania's one-year statute of limitations for filing a petition under its Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq. (2009).  Cadmus claimed that this overlapping violates his rights under the First, Fifth, and Fourteenth Amendments.

The District Court dismissed Cadmus' complaint as to both defendants and Cadmus filed a timely appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of the District Court's *sua sponte* dismissal of Cadmus' complaint is plenary.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We may affirm the District Court on any

---

[1]The District Court construed Cadmus' claim against former President Bush as one properly raised under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

basis supported by the record. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Cadmus' complaint was properly dismissed. In March 2008, Cadmus filed a habeas petition pursuant to 28 U.S.C. § 2254 in the District Court which remains pending, see Cadmus v. Warden, SCI Coal Twp., Civ. No. 08-cv-473. Cadmus does not allege that he has been precluded from seeking federal habeas relief and the District Court has yet to consider how the limitations period under AEDPA applies to his case. Accordingly, he has suffered no actual injury under the statute for which he may seek redress at this time. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

Furthermore, Cadmus provides no authority supporting his claim that AEDPA is unconstitutional as a result of its alleged "overlapping" with the PCRA. In fact, as the District Court pointed out, the limitations period under AEDPA has survived numerous constitutional challenges. See Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000); Miller v. Marr, 141 F.3d 976, 977-78 (10th Cir. 1998); Tinker v. Moore, 255 F.3d 1331, 1334 (11th Cir. 2001). Should Cadmus wish to further challenge the constitutionality of AEDPA as it applies to his case, he should do so in the context of his pending habeas action.

As Cadmus' appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.